

# OFFICE OF THE ATTORNEY GENERAL OF TEXAS

## AUSTIN

GERALD C. MANN
ATTORNEY GENERAL

Mr. J. M. Williams
County Auditor, Tarrant County
Fort Worth, Texas

Dear Sir:

Opinion No. O-5541
Re: Whether under H. B. 349,
Regular Session, 48th
Legislature, amending
Article 5142b, Section 3,
V.A.C.S., the number of
assistants to the Proba-
tion Officer may be in-
creased from eight (8)
to ten (10) before the
expiration of the terms of
the present incumbents.

The Act herein construed pertains only to counties having a population of not more than 320,000 and not less than 220,000 inhabitants.

Your letter reads:

"The question has arisen in Tarrant County on Article 5142-B, Section 3, as to the number of assistants that the Juvenile Depart-ment is allowed to have under existing law. Will you please give us an opinion on the following:

"Confirming Article 5142-B-Section 3:

"'There shall be one Chief Probation Officer, and such number of Assistants not ex-ceeding eight as shall be authorized by the Juvenile Board. Said Chief Probation Officer and Assistants to be appointed by the County Judge, and confirmed by the Juvenile Board, and such power of appointment and confirmation of such officers as conferred by this Act shall not be effective until the expiration of the terms of offices of the present incumbents of such offices.'

NO COMMUNICATION IS TO BE CONSTRUED AS A DEPARTMENTAL OPINION UNLESS APPROVED BY THE ATTORNEY GENERAL OR FIRST ASSISTANT

"House Bill number 349, a new law, Chapter 299, House Bill number 349-Section 3:

"'There shall be one Chief Probation Officer, and such number of Assistants not exceeding ten (10) as may be authorized by the Juvenile Board. Said Chief Probation Officer shall be appointed by the Juvenile Board and said Officer shall appoint said Assistants, subject to confirmation by the Juvenile Board; provided such power of appointment and confirmation shall not become effective until the expiration of the current terms of the present incumbents of such offices.' Approved May 10, 1943, Effective May 10, 1943.

"Can the Juvenile Department raise the number of assistants from eight as was set out in Article 5142-B to ten as was set out in House Bill No. 349 before the expiration of the current term of the present incumbent's term of such offices?" (Emphasis Ours)

Under the old law, Article 5142-B, Section 3, V.A.C.S., quoted above, the county judge appointed the Chief Probation Officer and his assistants with the confirmation of the Juvenile Board. The new law, H. B. 349, Regular Session, 48th Legislature, quoted above, amended the former law and provided that the power of appointment of the Chief Probation Officer should lie with the Juvenile Board and that he should appoint his assistants subject to the confirmation of the Juvenile Board. The statute then specifies when the power of appointment shall become effective "provided such power of appointment and confirmation shall not become effective until the expiration of the current terms of the present incumbents of such offices." This language is plain and unambiguous and, therefore, is not subject to construction.

You are advised that the power of appointment and confirmation is non-existent until the terms of the incumbents expire.

Yours very truly

ATTORNEY GENERAL OF TEXAS

By _David W. Heath_
David W. Heath
Assistant

APPROVED OPINION COMMITTEE

DWH:EP